Filed 7/7/22  Shumate v. American Honda Motor Co. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RICHARD FINLEY SHUMATE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant and Respondent. | B309480<br><br>Los Angeles County<br>Super. Ct. No. BC661850 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark H. Epstein, Judge.  Affirmed.

The Appellate Law Firm, Aaron Myers and Berangere Allen-Blaine for Plaintiff and Appellant.

Dykema Gossett, James S. Azadian, Derek S. Whitefield, Cory L. Webster and Dmitriy Kopelevich for Defendant and Respondent.

_____

Richard Finley Shumate was involved in a multi-car collision and brought a products liability case against the distributor of his car, American Honda Motor Co., Inc. The case culminated in summary judgment for Honda. We affirm because Shumate failed to raise a triable issue of material fact on the key issue of defect.

The core facts are few. Shumate drove a Honda CR-V. In June 2015, he was at a standstill on the 405 freeway, about 18 feet behind a Chevrolet Equinox. While stopped, a BMW Z3 hit him from behind, pushing his car into the Equinox. Shumate sued and settled with the BMW driver.

In 2017, Shumate sued Honda and other companies claiming his airbag was defective and should have deployed when he struck the Equinox.

Years passed, the parties tried and failed to settle the case, and then Honda moved for summary judgment on the issues of defect and causation.

Honda supplied expert evidence about the airbag system. The system was state of the art, and its benefits outweighed the risks. By design, the airbags should not deploy in all collisions. In low-speed collisions, the deployment force can cause more injury than it prevents. Accordingly, the airbags were designed to deploy only for frontal and side collisions of a certain severity. Crash severity can be viewed in terms of the change in speed a collision produces. According to Honda's accident reconstruction expert Samuel White, Shumate's collision with the Equinox fell below the severity threshold, so the airbag performed properly by not deploying.

Shumate represented himself in opposing Honda's motion. He did not dispute many key facts about airbags and their

design.  For other key facts, Shumate simply responded that he "is not an airbag expert" and identified no evidence to dispute them.

To counter Honda's nonmedical experts, Shumate offered short declarations of two experts, one of whom performs accident reconstructions but who apparently did not perform one in this case.  These experts do not say the Honda airbag was defective or should have deployed.  Nor do they call into question the safety and design of the airbag system.  Instead, they chiefly tackle another issue—whether the BMW braked before striking Shumate's car—apparently to try to undermine White's estimates and findings.

Shumate's summary judgment opposition highlighted the expert dispute over braking and implied the severity of the "initial hit" by the BMW was greater than White estimated.  As the trial court summarized:  "If the BMW did not brake, it is possible it hit plaintiff's car at a higher speed, causing his car to hit the Equinox harder than [Honda] contends it did."  If some of Honda's science was "off," the argument went, White's opinions must fall with his faulty assumption about braking.

The trial court acknowledged there was a valid dispute over the braking issue but found it was not material.  The court granted the summary judgment motion, concluding Honda had established there was no triable issue of material fact as to whether the airbag system's design or Shumate's airbag was defective.

We independently review the summary judgment decision and apply the familiar standard.  (See *Bacoka v. Best Buy Stores, L.P.* (2021) 71 Cal.App.5th 126, 132.)

Our independent review shows the trial court was correct. Shumate's evidence did not create a material dispute regarding the existence of a defect. (See *Demara v. The Raymond Corp.* (2017) 13 Cal.App.5th 545, 553 & 556–557 [defect is an essential element of a products liability claim].)

It is true White noted the damage to the BMW "indicates it was braking before impact with the CR-V." But White made this observation in the first part of his declaration when providing background on the accident and the resulting damage. He did not mention the BMW braking again.

Six paragraphs later, White began describing how he determined the severity of Shumate's crash into the Equinox. White explained he used photogrammetry to measure damage to the cars; he determined their stiffness using crash test data; he did a crush energy analysis to determine a range of speed changes for the impacts; he determined the cars' resting positions on the freeway using Shumate's postaccident cellphone video; and finally he used an advanced computer simulation software tool (PC-Crash) to determine the crash sequence and severity. White could not examine the Honda because the car had been salvaged and sent to Lebanon.

White's declaration shows assumptions about braking did not figure into his method for determining crash severity. Braking had nothing to do with his conclusions on this key issue. And Shumate's experts did not opine on the actual speed of any car, any speed change, or the actual severity of either collision.

In failing to meet head-on the critical issues at summary judgment and focusing instead on braking, Shumate offered nothing to contradict Honda's evidence this collision fell below the threshold for airbag deployment and the system design was

4

optimal.  There is no basis for overturning the summary judgment.

## DISPOSITION

We affirm the judgment and award costs to Honda.


WILEY, J.

We concur:


GRIMES, Acting P. J.


HARUTUNIAN, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.